**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4366
_____

BAO JIN DI FENG,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A79-321-097)
Immigration Judge:  Honorable Rosalind Malloy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 19, 2012

Before:  SLOVITER, SMITH and COWEN, <u>Circuit Judges</u>

(Opinion filed:  September 20, 2012)
_____

OPINION
_____

PER CURIAM

       Petitioner Bao Jin Di Feng, proceeding pro se, seeks review of the Board of

Immigration Appeals' ("BIA") denial of his motion to reopen.  For the reasons that follow, we

will deny his petition for review.

I.

Feng, a citizen of China, allegedly entered the United States in May 2000. In May 2001, Feng applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), alleging that his wife had suffered a forced abortion in China due to their resistance to China's coercive population policies. The Immigration Judge ("IJ") made an adverse credibility determination and denied relief. The BIA affirmed, and Feng did not appeal that decision. Feng filed a motion to reopen, which the BIA denied in March 2004. With that motion, Feng submitted a photocopied divorce decree certificate that apparently also assigned him "guardian" status of his daughter. The BIA was skeptical that the decree was authentic, but concluded that, even assuming it was authentic, it did not undermine the BIA's affirmance of the IJ's adverse credibility determination.

Feng filed a second motion to reopen in March 2011, arguing that he will be persecuted if removed to China due to his participation in Falun Gong activities since 2008, which was made public in a July 2010 news article. The BIA denied the motion in November 2011, finding that it was both untimely and number-barred. Feng filed a timely petition for review and a motion to stay removal. We denied the stay motion and now deny the petition for review.

II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a) to review the denial of a motion to reopen. We review such denials for abuse of discretion. Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009). Under this standard, we may reverse the BIA's decision only if it is "arbitrary,

irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

## III.

A petitioner may file one motion to reopen within ninety days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). To file a motion to reopen beyond the ninety-day limit, a movant must show "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); see also Liu v. Att'y Gen., 555 F.3d 145, 150-51 (3d Cir. 2009).

Feng claims that the BIA denied him due process and abused its discretion by failing to give weight to his new evidence of changed conditions in China. He argues that the background materials on China demonstrate that the Chinese government instituted a crackdown on Falun Gong practitioners in the months leading up to the 2008 Beijing Olympics.

The BIA correctly determined that Feng failed to satisfy the exception to the ninety-day limitation period for motions to reopen. The BIA considered Feng's evidence, but noted that, while China's harassment and periodic crackdowns on Falun Gong practitioners continue, there has been no material change in China's treatment of Falun Gong practitioners since Feng's 2002 hearing. Rather, the BIA correctly found, the only change shown is in Feng's personal circumstances, given that by his own account his participation in Falun Gong began in 2008. Accordingly, Feng has not demonstrated that the BIA abused its discretion in denying his motion.

The BIA also declined to reopen the proceedings sua sponte. To the extent Feng claims the BIA abused its discretion, we lack jurisdiction to review that determination. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003). He has made no showing that his case presents an "exceptional situation." See id. Furthermore, his case is not one in which the BIA has announced and followed "a general policy by which its exercise of discretion will be governed" that would have created an exception to the jurisdictional bar. See id.

IV.

For the foregoing reasons, we will deny the petition for review.

4